Rucker, J.,
concurring in part, dissenting in part.
I agree the trial court erred in denying KS&E Sports’ motion for judgment on the pleadings. Such a motion should be granted “where it is clear from the face of the complaint that under no circumstances could relief be granted.” Op. at 898 (citations omitted). Here, although the facts in the complaint are detailed and comprehensively worded, they fail to suggest a critical point in my view, namely: that KS&E Sports knew or should have known that Martin was a convicted felon, prohibited by federal law from purchasing or possessing firearms. On this narrow point, I concur.
However, I part company with my colleagues on their expansive reading of the statute. Consider the following hypothetical: Two men walk into a gun store. Person #1 tells the proprietor, “I am wanting to buy a firearm for my friend here who is a convicted felon who cannot lawfully purchase a firearm. My record is clean.” Person #2 confirms he is a convicted felon and tells the store owner, “I intend to go on a shooting spree.” The purchase is consummated and the next day the convicted felon goes out and wreaks havoc on an elementary school and wounds first responders in the process.
In the majority’s view the gun store would be immune from civil liability and not accountable in civil court to the victims of the shooting. This is so, according to the majority, because “[t]he unambiguous statute operates as a limited immunity provision insulating a firearms seller from a suit for damages caused by a third party’s misuse of a firearm, regardless of the seller’s culpability.” Op. at 899 (emphasis added).
I am not persuaded and cannot believe the legislature intended immunity under the facts posed by the hypothetical. It appears to me the statute was designed to protect innocent and unknowing gun sellers from the acts of third parties. The legislature could not have intended to protect gun sellers from their own illegal acts. On this point, I respectfully dissent.